UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GERMAINE CANNADY,<br><br>Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,<br><br>Defendant. | Civil Action No. 19-cv-2832 (TSC) |

## MEMORANDUM OPINION

Plaintiff Germaine Cannady brings this action *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of records maintained by Defendant, the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"). EOUSA moved for summary judgment after answering Cannady's complaint, ECF No. 12. For the reasons set forth below, the court will **GRANT** EOUSA's motion for summary judgment.

### I. BACKGROUND

On June 29, 2015, Cannady was sentenced to 192 months imprisonment after being convicted for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin, in violation of 21 U.S.C. § 846. *See United States v. Cannady et al.*, 14-cr-389 (D. Md. Aug. 22, 2014). On May 24, 2019, Cannady submitted a FOIA request to EOUSA for:

> (1) documents in the form of inventories prepared by the FBI and/or any other law enforcement entity which depict the items seized from the residence and/or vehicle of "CI" Michael Barrett; and (2) any notes of interviews involving the FBI and "CI" Michael Barrett.

Def.'s MSJ, Stmt. of Facts ("SOF") ¶ 1, ECF No. 12-3.  On June 7, 2019, EOUSA provided Cannady a "Glomar response" stating that it is EOUSA policy "neither to confirm nor deny that records concerning living third parties exist."  *Id.* ¶ 2.

Cannady administratively appealed EOUSA's response to the DOJ's Office of Information Policy ("OIP"), which affirmed, finding that confirming or denying any records' existence "would constitute a clearly unwarranted invasion of personal privacy and could reasonably be expected to constitute an unwarranted invasion of personal privacy" to a living third party.  *Id*. ¶ 4, 7-8.

Cannady filed suit on September 24, 2019, claiming that EOUSA failed to disclose reasonably segregable information and improperly invoked FOIA Exemptions 6 and 7(C).  *Id*. at 5, 7.  After answering Cannady's complaint, EOUSA was preparing to file a motion for summary judgment when it realized that Michael Barrett was not a confidential informant, but instead Cannady's co-defendant, who pleaded guilty and cooperated with the prosecution.  *Id.* ¶ 9.  EOUSA thus advised Cannady that pursuant to the Privacy Act, 5 U.S.C. § 552(a), and FOIA Exemptions 6 and 7(C), any records regarding Barrett could not be released "absent express authorization and consent of the third party, proof that the subject . . . is deceased, or a clear demonstration that the public interest in disclosure outweighs [Barrett's] privacy interest and that significant public benefit would result from the disclosure. . . ."  *Id.* ¶ 10; *see also* Mar. 30, 2020 Joint Status Report at 1-2, ECF No. 7.  Cannady responded that the public interest in disclosure outweighed Barrett's personal privacy interest.  *See* June 1, 2019 Resp. to Order of the Ct. at 7, ECF No. 9.  On July 10, 2020, EOUSA moved for summary judgment.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To determine whether there is a genuine issue of material fact, the court must view all facts in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The majority of FOIA cases are resolved on motions for summary judgment.  *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011).  The district court's review of the agency's decision to withhold requested documents under FOIA's specific statutory exemptions is *de novo*.  5 U.S.C. § 552(a)(4)(B).  The government agency bears the burden of showing that nondisclosed, requested information falls within a stated exemption.  *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing *Id.*).  The agency's justification for invoking a FOIA exemption is sufficient if it appears "logical" or "plausible."  *Id.* (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)) (internal quotation marks omitted).

### III.  ANALYSIS

Cannady seeks broad disclosure of inventories of items seized from Barrett and notes of interviews between the FBI and Barrett—disclosures that EOUSA claim fall squarely within Exemption 7(C).  Compl. at 2; Def.'s MSJ at 6.  Cannady does not dispute that the documents were compiled for law enforcement purposes, but argues that they should not be withheld under Exemption 7(C) because the public interest in the information outweighs Barrett's privacy interest.  *Id.* at 3-5.  He also argues that EOUSA failed to sufficiently segregate reasonably segregable material from disclosure, and that Exemption 7(C) is inapplicable because the requested information has already been disclosed in the public domain.  *Id.* at 2.

A. <u>Exemption 7(C) and Segregability</u>

The Freedom of Information Act was meant to facilitate public scrutiny rather than agency secrecy.  *See, e.g.*, *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (FOIA was

meant "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.") (internal quotation marks omitted). While FOIA contains nine exemptions, they are meant to be given a "narrow compass." *Milner v. Dep't of the Navy*, 562 U.S. 562, 571 (2011) (internal quotation omitted).

Exemption 7(C) allows agencies to withhold records compiled for law enforcement purposes, "but only to the extent that the production . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). And if the records to be produced contain information that implicates a third party's privacy interests, the records are "categorically exempt from disclosure." *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995). A third party's name and identifying information in an investigative file are thus presumptively exempt from disclosure. *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1096 (D.C. Cir. 2014). That presumption also includes information that a person controls the dissemination of, or otherwise is "not freely available to the public." *Reporters Comm.*, 489 U.S. at 763-64.

To determine whether records are categorically exempt, a court should first identify the privacy interests articulated by the agency, then the countervailing public interest in disclosure asserted by the plaintiff, and balance those interests against each other. *Boyd v. EOUSA*, 87 F. Supp. 3d 58, 72-74 (D.D.C. 2015) (citing *Dep't of Just. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989)). Should the private interests outweigh the public, the records are categorically exempt from disclosure; the agency need neither search nor subsequently segregate non-exempt and exempt portions of a record. *Schrecker v. Dep't of Just.*, 349 F. 3d 657, 661 (D.C. Cir. 2003) (citing *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1206 (D.C. Cir. 1991)).

Cannady does not dispute that Barrett maintains a privacy interest in the records sought; the decision to share what he said to the FBI and what was seized from his home and vehicles is his alone. *Reporters Comm.*, 489 U.S. at 763-64. Cannady however, argues that Barrett's privacy interest is lessened because he was convicted. *See* Pl.'s Opp. at 3; Pl.'s Sur-Reply at 3, ECF No. 16. But while a conviction weakens a person's privacy interest, it does not eliminate it. *Citizens for Resp.*, 854 F.3d at 682. In the context of Exemption 7(C), that is significant. *See, e.g.*, *National Ass'n of Ret. Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("[E]ven a modest privacy interest[] outweighs nothing every time.").

Having established Barrett's legitimate privacy interest, the court turns to whether Cannady has asserted a public interest in disclosure. *Id.* at 756. He has not. To defeat an agency's Exemption 7(C) claim, a plaintiff must "show that the public interest sought to be advanced is a significant one" and that "the information is likely to advance that interest." *Nat'l Archives & Recs Admin. v. Favish,* 541 U.S. 157, 172 (2004). That can include government wrongdoing, but the plaintiff "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *See, e.g.*, *Boyd v. Criminal Div.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (finding that unsubstantiated claims of government wrongdoing were insufficient to invoke the public interest in a FOIA case).

Cannady claims the public has an interest in uncovering alleged law enforcement misconduct involving Barrett. Pl.'s Opp. at 3-4. He asserts that FBI Agent Eric Nye gave Barrett Oxycodone during a proffer session without first checking with FBI medical staff and falsely testified at trial about finding a tally sheet of drug deals in Barrett's home. *Id.* at 3-4. At trial, Agent Nye testified that "no tally sheets were recovered" during a search of Barrett's home, but after trial the Government discovered a single sheet of paper recovered from Barrett's home

that it had failed to turn over to Cannady. *United States v. Cannady*, 719 F. App'x 237, 239 (4th Cir. 2018). Based on this, the District Court granted Cannady a new trial, concluding that the failure to disclose constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 238. The decision to grant a new trial was reversed by the Fourth Circuit on the grounds that the tally sheet was not material under *Brady*. *Id.* at 241. But these facts are not enough for Cannady to meet his burden to adduce evidence that would cause a reasonable person to believe that wrongdoing occurred. *See Boyd*, 475 F.3d at 387. Even though the trial court in Cannady's case found that there had been a *Brady* violation, the document calling Nye's testimony into question was disclosed to Cannady, the Fourth Circuit found that the failure to disclose the document was not material, and Cannady has alleged no other facts from which the court could infer prosecutorial misconduct. *Cannady*, 719 F. App'x at 240-41.

Cannady has therefore failed to show a public interest in disclosure. And while Barrett's privacy interests in the records sought might be somewhat diminished, that privacy interest is still enough for the records to be subject to categorical exclusion from disclosure under Exemption 7(C). This categorical exclusion also moots Cannady's arguments that EOUSA was required to reasonably segregate any non-exempt information it possessed. Because the records were categorically exempt, there was no need to segregate information.

**B. <u>Public Domain</u>**

Cannady argues in the alternative that because "[l]aw enforcement immediately made [the contents of the requested materials] known in news reports," the materials are subject to disclosure under the public domain doctrine. *Id.* at 3. That doctrine provides that "materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). A plaintiff, however, must "point to specific information in the public domain that appears to

duplicate that being withheld." *Id.* Cannady has not done so; his argument is supported only by his conclusory statement that there were news reports revealing the information sought. Pl.'s Opp. at 2. Without specific information, Cannady cannot invoke the public domain doctrine to defeat the exclusion of the requested records under Exemption 7(C).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment, ECF No. 12 will be **GRANTED**. The case will be closed. A corresponding Order will accompany this memorandum opinion.

Date: March 23, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge